UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TONY R. BROWN, ET AL.            CIVIL ACTION NO. 04-2446

versus                                       JUDGE STAGG

DIALYSIS CLINIC, INC., ET AL.         MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Tony and Marvin Brown (Plaintiffs") filed this action for medical malpractice and wrongful death arising out of the death of their mother. Counsel for Plaintiffs recently moved to withdraw on the grounds that Plaintiffs have not cooperated in the preparation and prosecution of the case. The court ordered that a conference be held to discuss the matter, and Plaintiffs were advised that their failure to appear in person at that conference would result in their case being dismissed for failure to prosecute. Plaintiff Tony Brown did appear for the conference, but his brother and co-plaintiff, Marvin Brown, failed to appear or contact the court.

Plaintiff Tony Brown stated at the conference that, if counsel withdrew, he and his brother wished to dismiss the lawsuit. The court nonetheless afforded Plaintiffs additional time to secure substitute counsel. An order issued that each Plaintiff be allowed 30 days from the date of the August 26 conference to (1) have new counsel enroll or (2) file a statement informing the court that Plaintiffs wished to (a) represent themselves or (b) dismiss

the lawsuit. The order cautioned that failure to comply with that requirement would result in the case being dismissed for failure to prosecute. Doc. 20. A copy of the order was served to Tony Brown at the address he provided and to Marvin Brown at his last known address.

The September 27, 2005 deadline for action by Plaintiffs has passed, and neither of them has enrolled new counsel or filed anything in the record. A district court has the inherent authority to dismiss an action, even *sua sponte*, for failure to prosecute, with or without notice to the parties. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 1388-89 (1962); Rogers v. Kroger Co., 669 F.2d 317, 319-20 (5th Cir. 1982). Dismissal for failure to prosecute is appropriate in this case. Neither Plaintiff has indicated an interest in pursuing the litigation, so no further resources should be expended by the court or the defendants.

Accordingly;

**IT IS RECOMMENDED** that the complaint filed by Tony Brown and Marvin Brown be **DISMISSED** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana on this 3rd day of October, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Stagg